## Earle, Appellant, v. Philadelphia & Reading Railway Company.

*Negligence—Railroads—Automobile — Grade crossing — Safety gates open—Failure to stop—Contributory negligence—Nonsuit.*

The fact that the safety gates at a railroad crossing are open does not relieve the driver of an automobile of the duty of stopping the machine before he attempts to make the crossing, and where he fails to stop but is driving his car at a rapid pace until within so short a distance of the tracks that he cannot stop in time to avoid a collision, he is precluded from recovering in an action against the railroad company. The gates do not absolve the public from exercising proper care to protect themselves.

Argued Jan. 20, 1915. Appeal, No. 230, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., March T., 1912, No. 2645, refusing to take off nonsuit, in case of Elinor Earle to the use of Firemen's Fund Insurance Company of San Francisco v. Philadelphia & Reading Railway Company. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass for personal injuries. Before WILLSON, P. J.

The facts appear by the opinion of the Supreme Court.

The trial judge entered a compulsory nonsuit which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

. *Joseph R. Wilson*, for appellant.

*Wm. Clarke Mason*, for appellee.

PER CURIAM, February 15, 1915:

The plaintiff's automobile was struck and injured by a collision with the defendant's locomotive at a grade

crossing on Willow Grove avenue near Wyndmoor Station. The machine approached the crossing from the west and was travelling twenty miles an hour when it was twenty or twenty-five feet from the crossing where the chauffeur first saw the locomotive which was travelling thirty miles an hour. He made no effort to reduce his speed or stop the machine until he saw the engine. The machine was at a standstill with its front part over the first rail of the northbound track when it was struck. The court granted a nonsuit on the ground that the driver of the machine was negligent in not observing the rule to stop, look and listen before attempting to cross the railroad track. Since the decision in Pennsylvania Railroad Company v. Beale, 73 Pa. 504, in 1873, we have invariably enforced this rule and held that the failure of a traveller to observe it was not mere evidence of negligence for the jury but negligence per se, and to be so declared by the court. Here, the chauffeur was travelling twenty miles an hour with no intention of stopping until he was too near the track to avoid the collision after he saw the approaching engine. The fact that the safety gates were raised did not relieve the driver of the duty of stopping the machine before he attempted to make the crossing. This we have distinctly ruled: Greenwood v. Philadelphia, Wilmington & Balto. R. R. Co., 124 Pa. 572; Lake Shore & Michigan Southern Ry. Co. v. Frantz, 127 Pa. 297. Such gates are for the protection of the public but do not absolve the public from exercising proper care to protect themselves.

The judgment is affirmed.